UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

KATHERINE W. YOUNG,

    Plaintiff,

v.

CENTRAL CREDIT SERVICES, INC.,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, KATHERINE W. YOUNG, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, CENTRAL CREDIT SERVICES, INC., is a professional corporation and citizen of the State of Florida with its principal place of business at Suite 500, 9550 Regency Square Boulevard, Jacksonville, Florida 32225.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following messages on Plaintiff's voice mail on her residential telephone on or about the dates stated:

> December 11, 2009 at 1:32 PM – Pre-Recorded Message
> Katherine Young, please press 2 now. Once again, if this is Katherine Young, please press 1 now. If this is not Katherine Young, please press 2 now. Hello. This message is for Katherine Young. If you are not Katherine Young, please hang up or disconnect. If you are Katherine Young, please continue to listen to this message. There will now be a 3 second pause in this message. By continuing to listen to this message, you acknowledge that you are Katherine Young. You should not listen to this message, Katherine, so that other people can hear it as it contains personal and private information. There will now be a 3 second pause in this message to allow you to listen to

this message in private. This is Bob Jones from Central Credit Services. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 702-520-1452. Thank you. Goodbye.

December 14, 2009 at 3:42 PM – Pre-Recorded Message
Please press 1 now. This message is for Katherine W. Young. We have an important matter to discuss with you. This is not a solicitation. In order to protect your privacy, a full disclosure of the nature of this call is available without you having to speak to a representative. You can access the disclosure by calling 888-866-6484. After receiving the full disclosure, you will have the option to speak to one of our representatives. This message is for Katherine W. Young. We have an important matter to discuss with you. This is not a solicitation. In order to protect your privacy, a full disclosure of the nature of this call is available without having you to speak to a representative.

December 15, 2009 at 6:00 PM – Pre-Recorded Message
Katherine Young, please press 2 now. Once again, if this is Katherine Young, please press 1 now. If this is not Katherine Young, please press 2 now. Hello. This message is for Katherine Young. If you are not Katherine Young, please hang up or disconnect. If you are Katherine Young, please continue to listen to this message. There will now be a 3 second pause in this message. By continuing to listen to this message, you acknowledge that you are Katherine Young. You should not listen to this message, Katherine, so that other people can hear it as it contains personal and private information. There will now be a 3 second pause in this message to allow you to listen to this message in private. This is Bob Jones from Central Credit Services. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 702-520-1452. Thank you. Goodbye.

December 18, 2009 at 4:13 PM – Pre-Recorded Message
Katherine Young, please press 2 now. Once again, if this is Katherine Young, please press 1 now. If this is not Katherine Young, please press 2 now. Hello. This message is for Katherine Young. If you are not Katherine Young, please hang up or disconnect. If you are Katherine Young, please continue to listen to this message. There will now be a 3 second pause in this

message. By continuing to listen to this message, you acknowledge that you are Katherine Young. You should not listen to this message, Katherine, so that other people can hear it as it contains personal and private information. There will now be a 3 second pause in this message to allow you to listen to this message in private. This is Bob Jones from Central Credit Services. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 702-520-1452. Thank you. Goodbye.

11. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div</u>., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

14. Defendant knew it was required to communicate its status as a debt collector and the purpose of its call in telephone messages to Plaintiff.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

15. Plaintiff incorporates Paragraphs 1 through 14.

16. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See <u>Foti v. NCO Fin. Sys</u>., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and <u>Belin v. Litton Loan Servicing</u>, 2006 U.S.

Dist. LEXIS 47953 (M. D. Fla. 2006) and <u>Leyse v. Corporate Collection Servs</u>., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

17.    Plaintiff incorporates Paragraphs 1 through 14.

18.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See <u>Valencia v The Affiliated Group, Inc</u>., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 593 (D. Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs.</u>, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

 19. Plaintiff incorporates Paragraphs 1 through 14.

 20. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs*., 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

 WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT IV
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

 21. Plaintiff incorporates Paragraphs 1 through 14.

 22. Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's practices violate the FCCPA;

    d. permanently injoining Defendant from engaging in the complained of practices; and

    e. Such other or further relief as the Court deems proper.

## COUNT V
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

23. Plaintiff incorporates Paragraphs 1 through 14.

24. By failing to disclose that it is a debt collector and the purpose of its communication, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's practices violate the FCCPA;

    d.    permanently injoining Defendant from engaging in the complained of practices; and

    e.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By: s/ Donald A. Yarbrough
>     Donald A. Yarbrough, Esq.
>     Florida Bar No. 0158658